IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NORMA L. TREVINO,       § | | |
|    Plaintiff,            § | | |
|                        § | | |
| v.                      § | | CIVIL ACTION NO. 4:22-CV-610-P |
|                        § | | |
| MOUSER ELECTRONICS,     § | | |
|    Defendant.            § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S 12(B)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pending before the Court is Defendant Mouser Electronics' 12(b)(6) Partial Motion to Dismiss Plaintiff's Second Amended Complaint [doc. 24], filed January 17, 2023. Having carefully considered the motion, response, reply, and all relevant applicable law, the Court **RECOMMENDS** that Defendant's partial motion be **GRANTED** and Plaintiff's claim against Defendant for wrongful termination under Texas state law be **DISMISSED** for failure to exhaust her administrative remedies.

### I.   BACKGROUND

Plaintiff Norma L. Trevino was "employed by Defendant from September of 2008 until her ultimate termination on August 31, 2021." (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 2.) On or about May 6, 2022, approximately 248 dates after she was terminated, Plaintiff filed her Charge of Discrimination with the Texas Workforce Commission Civil Rights Division ("TWC") and the Equal Employment Opportunity Commission ("EEOC"). (Plaintiff's Original Complaint at 7, 9.) Plaintiff, on or about July 7, 2022, received her right to sue letter from the EEOC. (Pl.'s Orig. Compl. at 2.)

1

Thereafter, on July 15, 2022, Plaintiff, initially proceeding *pro se*, filed a Complaint in this Court.[1] On November 8, 2022, Plaintiff filed an Amended Complaint in which she alleged, *inter alia*, claims for racial and national origin discrimination in violation of Title VII and wrongful termination. On January 3, 2023, Plaintiff filed her Second Amended Complaint, which is the live pleading before the Court. In her Second Amended Complaint, Plaintiff continues to assert her claim for racial and national origin discrimination in violation of Title VII and expounded on her wrongful termination claim, asserting it is a violation of Texas state law under Texas Labor Code § 21.051.

In its Motion to Dismiss, Defendant argues that Plaintiff failed to file her complaint with the Texas Workforce Commission ("TWC") or Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice as required by Texas law; thus, her claim for wrongful termination in violation of Texas state law must be dismissed. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 3-4.) Specifically, Defendant states:

> When a plaintiff alleges an employment discrimination claim under either federal or state law, he or she must file a complaint with the appropriate state or federal agency within the requisite time period the law requires. In Texas, plaintiffs hoping to bring employment discrimination claims under the Texas Commission of Human Rights Act [("TCHRA")] must file an administrative complaint with either the TWC, or the EEOC, within 180 days of the alleged unlawful employment practice. . . . In contrast, the same claim brought under federal law, including Title VII, is timely if the plaintiff files her administrative charge within 300 days of the alleged incident. There is no authority suggesting that state anti-discrimination laws modeled on Title VII must have identical procedural requirements. Thus, filing a federal claim along with a state law claims does not change the 180[-]day filing requirement for the state law claim. TCHRA claims filed beyond the 180[-]day window are thus untimely and must be dismissed.
>
> Plaintiff filed her charge with the EEOC within 300 days of the alleged discriminatory event and alleged a violation of Title VII. While Plaintiff correctly filed within the time period for a Title VII claim, she admits in her Complaint that she did not file within the 180[-]day statute of limitations for filing an

---

[1] Plaintiff retained an attorney on or about August 31, 2022. (Plaintiff's Response to Defendant's Partial Motion to Dismiss at 1.)

administrative complaint under the TCHRA. The Court must dismiss her wrongful termination claim asserted in Section V of her Second Amended Complaint because of the Plaintiff's failure to timely file.

(Def.'s Mot. at 3-4 (internal citations omitted).)

In her response, Plaintiff argues that she timely filed her Complaint with the EEOC within 300 days of Defendant's wrongful acts and that the "180-day time bar asserted by Defendant is a clear misapplication of law." (Plaintiff's Response to Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint ("Pl.'s Resp.") at 3.) Plaintiff further states:

> 17. Defendant asserts that because Plaintiff seeks relief for wrongful termination under the TCHRA and Texas Labor Code §[]21, et seq., Plaintiff was required to file a charge or claim with the Texas Workforce Commission within 180-days as prescribed by Texas Labor Code §[ ]21.202(a). However, Texas is considered a deferral state. The Texas Workforce Commission and Equal Employment Opportunity Commission work in conjunction to facilitate the investigation and resolution of complaints. By Statute, the Texas Workforce Commission acts as a deferral agency to the EEOC; the EEOC can defer complaints of employment discrimination to the TWC.
>
> 18. The 300-day filling period under 42 U.S.C. §[ ] 2000e-5e wherein a charge has been filed applies whether or not the proceedings are timely instituted under state or local law, i.e., Texas Labor Code Chapter 21. . . .
>
> 19. A Title VII plaintiff must exhaust administrative remedies by filing an administrative charge of discrimination within the 300 days of learning of the unlawful conduct. . . .
>
> . . . .
>
> 21. Here, Defendant represents that the 180-day statute of limitation precludes all state claims not timely filed within those 180 days. However, Plaintiff's claims set forth in her Second Amended Complaint, include wrongful termination and is a reasonable conclusion because of the discovery stemming from an EEOC investigation, Thus, when Plaintiff filed her charge within the 300-days statu[t]e of limitation, her claim for wrongful termination was preserved.

(Pl.'s Resp. at 3-5 (internal citations omitted).)

## II.     LEGAL STANDARD AND ANALYSIS

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). The Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Texas Health and Hum. Servs. Comm. v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations and internal quotation marks omitted).

"Texas law requires that a claimant seeking to file suit for employment discrimination must first file a complaint with the TWC within 180 days of the unlawful employment practice." *Barr v. Stripes L.L.C.*, No. 21-20278, 2022 WL 1044695, at *4 (5th Cir. Apr. 7, 2022) (citing Tex. Lab.

Code. Ann. § 21.202(a)). In a deferral state[2] such as Texas, a Title VII Plaintiff has 300 days to file a charge of discrimination with the EEOC, regardless of whether or not the proceedings under state law were timely instituted. *Id.* "[W]hether a plaintiff filed a timely charge for his or her federal claims has no impact on the analysis whether a plaintiff filed a timely charge for his state claims." *Id*. at 5. Filing a charge with the EEOC satisfies the complaint-filing requirement for the TCHRA, but the 180-day time limit under the TCHRA still applies. *See*, *e.g.*, *Adams v. DaimlerChrysler Services NA LLC*, 252 Fed. App'x 681, 683 (5th Cir. 2007) (affirming district court's dismissal of TCHRA claims as time-barred when those claims accrued more than 180 days before the plaintiff filed her EEOC charge); *Doe v. Univ. of Texas M.D. Anderson Cancer Ctr.*, No. 4:21-CV-1356, 2023 WL 1111832, at *6-7 (S.D. Tex. Jan. 30, 2023); *Fuhr v. City of Sherman, Texas*, No. 4:21-CV-549-SDJ; 2022 WL 828926, at *3 (E.D. Tex. Mar. 18, 2022) (dismissing Plaintiff's claims under the TCHRA because Plaintiff's Charge with the EEOC was filed more than 180 days after the date on which the allegedly unlawful employment action occurred). A charge filed with the EEOC between 180–300 days after the alleged discrimination falls under the exclusive jurisdiction of the EEOC. *See Cisneros v. DAKM, Inc.*, 7:13-CV-556, 2014 WL 258755, at *2 (S.D. Tex. Jan. 23, 2014). If the plaintiff's failure to exhaust administrative remedies is established by the pleadings and the other properly considered documents, then dismissal under Rule 12(b)(6) is appropriate. *Carter v. Target Corp.*, 541 F. App'x 413, 416-17 (5th Cir. 2013).

In this case, the parties do not dispute that Plaintiff, as to her Title VII claims, timely filed her Charge with the EEOC within 300 days after she was terminated. The only issue is whether Plaintiff, as to her wrongful termination claim under Texas state law, timely filed her Charge with

---

[2] "A deferral state is one in which (1) a state law prohibiting . . . discrimination in employment is in effect and (2) a state authority has been set up to grant or seek relief from such discriminatory practice." *Barr*, 2022 WL 1044695, at *4 n.8 (citations and internal quotations omitted).

the TWC. It is undisputed that Plaintiff filed her charge with the TWC (and the EEOC) more than 180 days after Plaintiff was terminated. Consequently, Plaintiff has failed to exhaust her administrative remedies under the TCHRA regarding her claim for wrongful termination against Defendant. Thus, the Court finds and concludes that Plaintiff's claim for wrongful termination under Texas state law is time-barred and must be dismissed.

### III.   CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's 12(b)(6) Partial Motion to Dismiss Plaintiff's Second Amended Complaint [doc. 24] be **GRANTED** and Plaintiff's claim against Defendant for wrongful termination under Texas state law be **DISMISSED** for failure to exhaust her administrative remedies.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 25, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections. It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 11, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE